# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MELISSA LAWSON,

   Plaintiff,

v.      Civil Action No. 5:09-CV-155(HL)

JAMES WELLS, ADMIRAL
MERCHANTS MOTOR FREIGHT,
FIRST GUARD INSURANCE COMPANY,
AND LINCOLN GENERAL INSURANCE
COMPANY,

   Defendants.

## ORDER

This matter was removed by Defendants from the State Court of Houston County, Georgia, to this Court on April 22, 2009. In the Notice of Removal, Defendants allege that the basis for jurisdiction is diversity. Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, this Court has undertaken to review the file to determine whether the jurisdictional requirements have been satisfied.

Review of the complaint reveals that Plaintiff, Melissa Lawson, alleges that she sustained injury as a result of a collision involving her vehicle and a tractor-trailer. (Compl. ¶4). She further alleges that as a result of her injuries, she has incurred medical expenses in excess of $21,631.92 and lost income in excess of $1,000.

(Compl. ¶5). Plaintiff seeks recovery from the Defendants for her past and future medical expenses, her past, present, and future pain and suffering, and other actual damages to the extent permitted by law. (Compl. ¶ 10). The complaint does not, however, state a demand for a particular dollar amount.

Notwithstanding the absence of any demand for a specific dollar amount in the complaint, in the Notice of Removal, Defendants state the following: "In the Complaint, Plaintiffs [sic] seek damages for her alleged injuries stemming from a motor vehicle accident occuring the State of Georgia. The amount in controversy exceeds $75,000, exclusive of interest and costs." (Notice of Removal ¶ 8). The Notice of Removal does not set forth any additional facts to support Defendants' contention that the amount in controversy exceeds $75,000.

Because this case was originally filed in state court and removed to this Court by Defendants, Defendants bear the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir.2001). Moreover, because Plaintiff has not pled a specific amount of damages, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Id. Removal is proper if it is apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. Id. However, if the jurisdictional amount is not facially apparent from the complaint, a court should look to the notice of removal. Id.

Here, the Court finds that it is not apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. While the complaint contains specific allegations with respect to the amount of medical expenses and lost wages incurred to date, these amounts are far below the $75,000 threshold. Moreover, the complaint does not offer sufficiently specific information about the nature of the injuries incurred from which this Court could conclude that the amount in controversy exceeds the jurisdictional requirement.

Defendants have failed to set forth the underlying facts that support their assertion that the amount in controversy exceeds $75,000. Defendants have offered nothing more than the bare assertion that the amount in controversy exceeds $75,000 as support for their contention that the jurisdictional amount is satisfied. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion is insufficient to meet the defendant's burden." Id. at 1319-20. The Court finds Defendants' unsupported assertions to be insufficient to satisfy Defendants' burden on removal, which requires that a defendant make an "affirmative showing" that diversity jurisdiction is satisfied. Id., *citing* Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir.1961). Accordingly, in the absence of a more affirmative showing of the underlying facts that support their claim that the amount in controversy exceeds $75,000, the Court finds that Defendants have failed to meet their burden on removal and have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Given that Defendants have failed to establish the amount in controversy, their allegations of jurisdiction are defective. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. Therefore, Defendants shall have ten (10) days from the date of entry of this Order in which to amend their Notice of Removal and to cure the jurisdictional defects.

**SO ORDERED**, this the 27th day of April, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh