IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MELISSA LAWSON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:09-CV-155(HL) |
| JAMES WELLS, ADMIRAL MERCHANTS MOTOR FREIGHT, AND LINCOLN GENERAL INSURANCE COMPANY, | : | |
| Defendants. | : | |

## ORDER

A Pretrial Conference was held in this matter on November 16, 2010. This Order memorializes the Court's rulings from the bench.

**A.     Plaintiff's Motion to Amend**

Plaintiff's Motion to Amend (Doc. 37) is denied as moot. Counsel for Plaintiff withdrew the Motion during the Pretrial Conference.

**B.     Defendants' Motion in Limine**

Defendants' Motion in Limine (Doc. 39) is granted as outlined below.

1.  Defendants' motion to exclude any evidence of the size and financial worth of Defendants is granted.

2.  Defendants' motion to exclude any reference to the existence of liability insurance is granted.

3. Defendants' motion to exclude any argument that the jury should "send a message" to the trucking industry is granted.

4. Defendants' motion to exclude any testimony or reference to Plaintiff's ability or inability to pay bills is granted. However, Plaintiff may present evidence about the medical expenses she has incurred as a result of this accident and what balances are owed to her medical providers, if any. Defendants may present evidence as to whether Plaintiff had an agreement with any of her medical providers as to how and when payment would be made.

5. Defendants' motion to exclude any reference to verdicts in other cases is granted.

6. Defendants' motion to exclude any argument that the jury should put themselves in Plaintiff's place is granted.

7. Defendants' motion to exclude any argument or testimony regarding the veracity of a witness is granted.

8. Defendants' motion to exclude any argument that money damages are ineffective to fully compensate Plaintiff is granted.

9. Defendants' motion to exclude any argument that commercial truck drivers should be held to a higher standard of care than other drivers is granted.

10. Defendants' motion to exclude any testimony or reference to Plaintiff's miscarriage is granted.

11. Defendants' motion to exclude any evidence or argument that Plaintiff's property damage claim was settled is granted. Counsel for Plaintiff may point out that this case has nothing to do with property damage, but instead is only about personal injury.

12. Defendants' motion to exclude any improper and prejudicial statements in opening and closing arguments is granted.

**C.   Plaintiff's First Motion in Limine**

Plaintiff's First Motion in Limine (Doc. 45) is granted, in part, and denied, in part, and the Court reserves ruling, in part.

1. Plaintiff's motion to exclude any evidence of collateral source benefits is granted. Counsel for the parties are ordered to redact any references to collateral source benefits contained in Defendants' Exhibit 7, the bill from Dr. Daxes Banit.

2. The Court reserves ruling on Plaintiff's motion to exclude information about how counsel was located or hired. This concerns the document(s) where Plaintiff gave her physician(s) permission to release her records to her attorney's office.

3. Plaintiff's motion to exclude information about her fee arrangement with counsel is granted.

4. Plaintiff's motion to exclude any testimony or argument that Defendants are not covered by liability insurance or that any Defendant would be personally liable for the amount of any judgment rendered in the case is granted.

5. Plaintiff's motion to exclude any testimony or argument that any Defendant is a person or company of modest means who cannot afford to pay a substantial judgment is granted.

6. Plaintiff's motion to exclude any testimony or reference to medical records or medical testimony which has not been admitted into evidence is granted.

7. The Court reserves ruling on Plaintiff's motion to exclude any testimony or argument that Plaintiff was not wearing her seatbelt at the time of the accident.

8. Plaintiff's motion to exclude any testimony that any Defendant is sorry or regrets the occurrence of the accident is granted.

**D.    Plaintiff's Second Motion in Limine**

Plaintiff's Second Motion in Limine (Doc. 55) granted, in part, and denied, in part, and the Court reserves ruling, in part.

1. The Court reserves ruling on Plaintiff's motion to exclude any testimony or reference to an emergency room report from Houston Medical Center dated April 1, 2004.

2. Plaintiff's motion to exclude any testimony or reference to radiology results for x-rays or CT scans taken at Houston Medical Center dated July 20, 2004 is granted.

3. The Court reserves ruling on Plaintiff's motion to exclude any testimony or reference to an e-mail dated September 7, 2010 from Jason Slate to Dannette Brooks.

4. The Court reserves ruling on Plaintiff's motion to exclude any testimony or reference to a patient intake sheet from Dr. George Stefanis' office (Defendants' Exhibit 28) or a letter dated April 9, 2007, sent by Kenneth S. Nugent, P.C. to Dr. Kevin Baggett.

5. Plaintiff's motion to exclude any testimony, deposition, or reports submitted by Dr. Barry McCasland is denied. Counsel for the parties stated during the Pretrial Conference that they would come to an agreement between themselves as to Dr. McCasland's deposition and any rebuttal depositions made necessary as a result of Dr. McCasland's testimony. The parties are directed to inform the Court, in writing, not later than 5:00 p.m. on November 22, 2010 as to their agreement about the remaining expert depositions. The Court will not entertain or rule on objections made during any depositions taken after the Pretrial Conference.

6. The Court reserves ruling on Plaintiff's motion to exclude any testimony or reference to a patient questionnaire (Defendants' Exhibit 4), where Plaintiff

authorized Dr. Banit's office to release information about her medical care to her attorney's office.

7. The Court reserves ruling on Plaintiff's motion to exclude any testimony or reference to a survey (Defendants' Exhibit 5) where Plaintiff mentions her "need to know the results of myelogram and plan of action from here in order to settle case."

8. Plaintiff's motion to exclude any testimony or reference to collateral source benefits is granted. Any information about insurance should be redacted prior to trial.

9. The Court reserves ruling on Plaintiff's motion to exclude any testimony or reference to Plaintiff's interrogatory responses.

**E.   Defendants' Motion to Strike**

Defendants' Motion to Strike (Doc. 68) is denied as moot. Counsel for Defendants withdrew the Motion at the Pretrial Conference.

**F.   Defendants' Motion to Exclude**

Defendants' Motion to Exclude Demonstrative Evidence Used During Dr. Daxes Banit's Video Deposition (Doc. 70) is granted, in part, and denied, in part. The Motion is granted as to the videotape, but is denied as to the photograph as Counsel for Defendants did not bring the portion of the Motion regarding the photograph to the Court's attention during the Pretrial Conference.

**G. Deposition Objections**

Counsel for the parties are directed to attempt to resolve the objections made during the depositions of Drs. Banit and Stevenson. If any objections cannot be resolved by agreement, counsel are directed to notify Mary Beth Hand, law clerk to Judge Lawson, not later than November 22, 2010 at 5:00 p.m., in writing at Mary_Hand@gamd.uscourts.gov, and specify by line and page number which objections remain.

**H. Objections to Exhibits**

Defendants' objections as to Dr. Banit's bill for services are reserved.

**I. Deposition of Claudette Gunn**

The deposition of Claudette Gunn was previously taken for discovery purposes. The parties have agreed that Defendants may read the discovery deposition into evidence as Ms. Gunn is unavailable for trial. Counsel for Defendants is directed to provide to counsel for Plaintiff the portions of Ms. Gunn's deposition he intends to read into the record not later than November 19, 2010 at 5:00 p.m. If counsel for Plaintiff object to any of the proposed testimony, they should inform Ms. Hand, in writing, not later than November 22, 2010 at 5:00 p.m.

**SO ORDERED**, this the 17th day of November, 2010.

*s/ Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

mbh